UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS VASQUEZ, | No. 2:21-cv-00726 DB P |
| Petitioner, | |
| v. | ORDER |
| JIM ROBERTSON, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action.

Petitioner challenges the results of a 2018 disciplinary hearing appeal at Pelican Bay State Prison. (ECF No. 1 at 3.) Petitioner claims his due process rights under the Fourteenth Amendment were violated when his "third level appeal" was conducted by staff with "knowledge of the inmates misconduct." (Id.) Presently before the court is the petition for screening. (ECF No. 1.) Petitioner will be ordered to show cause why his petition should not be dismissed for failure to exhaust state court remedies.

**SCREENING**

**I.     Screening Requirement**

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to

1

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II.    Exhaustion

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1983, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sue sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Failure to present claims for federal relief to the California Supreme Court will result in dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no

////

Case 2:21-cv-00726-DB   Document 9   Filed 11/10/21   Page 2 of 4

Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II.    Exhaustion

There is no question that the exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts"). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1983, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986). For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or post-conviction in a petition for a writ of habeas corpus in which he adequately describes the federal Constitutional issue that he asserts was denied. See Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999).

Although non-exhaustion of remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950), overruled in part on other grounds by Fay v. Noia, 372 U.S. 391 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981). The court may, but is not required to, raise the issue of exhaustion sue sponte. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (per curium); Simmons v. Blodgett, 110 F.3d 39, 41 (9th Cir. 1997). Failure to present claims for federal relief to the California Supreme Court will result in dismissal. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jimenez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no

////

exhausted claims. Raspberry, 448 F.3d at 1154; see also Rose v. Lundy, 455 U.S. 509, 521-22 (1982) (The court cannot consider a petition that has not been exhausted).

Upon review of the instant petition, it appears petitioner has not presented his claims to the highest state court, the California Supreme Court. Petitioner does state that "state and supreme courts piggy backed on superior court decision to deny petition of habeas corpus." (ECF No. 1 at 5.) However, petitioner indicated on his petition form that he did not seek review in the California Supreme Court and, accordingly, did not provide information regarding any appeal. (Id.) As such, petitioner appears to have stated that his claims are not exhausted.

In an amended petition, petitioner the must inform the court if, in fact, his claims have been presented to the California Supreme Court, and if possible, provide the court with a copy of the petition filed in the California Supreme Court along with a copy of any ruling made by the California Supreme Court. If petitioner has not exhausted any of his claims, the petition must be dismissed without prejudice for failure to exhaust state court remedies.

**III.    Sufficiency of Facts Alleged**

The petition has not alleged sufficient facts for the court to determine if a response is warranted. Rule 2 of the Rules Governing Section 2254 Cases provides that the petition: "shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n.7 (1977).

Petitioner states that his due process and equal protection rights were violated due to Pelican Bay State Prison violating their regulations. (ECF No. 1 at 3.) These claims appear related to the assignment of a prison staff member to petitioner's disciplinary hearing. (Id.) However, the petition does not state facts related to these claims. As such, the petition has not stated "facts that point to a real possibility of constitutional error" and the court cannot determine

if petitioner may be entitled to relief. Advisory Committee Notes to Rule 4; see <u>Blackledge</u>, 431 U.S. at 75, n.7.

The petition fails to comply with Rule 2(c), Rules Governing Section 2254 Cases. Therefore, the petition is dismissed with leave to amend. Rule 4, Rules Governing Section 2254 Cases. In the amended petition, petitioner must set forth each claim for relief and summarize the facts he alleges support each of the identified claims.

In an amended petition, petitioner is not required to append exhibits to his petition but he is permitted to do so. Additionally, petitioner must address whether he has exhausted each claim he has brought.

## CONCLUSION

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's petition for writ of habeas corpus is dismissed with leave to amend (ECF No. 1 at 3.)
2. Within thirty (30) days of the date of this order, petitioner shall file an amended petition.[1] The amended petition must bear the docket number assigned to this case and must be labeled "First Amended Petition."
3. The Clerk of the Court is directed to send petitioner the court's form application for writ of habeas corpus.
4. Petitioner is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 9, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/S/vasq0726.scrn.lta

---

[1] By setting this deadline the court is making no finding or representation that the petition is not subject to dismissal as untimely.

4