UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS VASQUEZ, II, | No. 2:21-cv-00726 WBS DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JIM ROBERTSON, | |
| Respondent. | |

Petitioner is a former state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's motion to dismiss the petition as untimely and for failure to comply with exhaustion requirements. (ECF No. 19.) For the reasons stated below, the undersigned will recommend that this action be dismissed. The court will also deny respondent's motion to dismiss (ECF No. 19) as moot.

**I.     Procedural History**

This action was initiated on April 23, 2021 when petitioner filed a petition for writ of habeas corpus challenging the forfeiture of credits imposed during a disciplinary hearing. (ECF No. 1.) Petitioner later filed a First Amended Petition which serves as the current operative petition. (ECF No. 10.) On June 27, 2022, respondent filed the present motion to dismiss. (ECF No. 19.) Petitioner did not file an opposition to that motion or any other response. On November 29, 2022, the court ordered petitioner to file an opposition or show cause why petitioner's failure

1

to oppose the motion should not be deemed a waiver of opposition to the motion. (ECF No. 21.) Petitioner did not file an opposition, request an extension of time, or respond to the motion or court's order in any way.

As the undersigned will recommend below that this action be dismissed, respondent's motion to dismiss (ECF No. 19) will be denied as moot. In the event the findings and recommendations are not adopted, respondent may file a renewed motion to dismiss.

## II. Petitioner's Failure to Oppose Respondent's Motion to Dismiss

By order dated November 29, 2022, petitioner was ordered[1] to file an opposition to respondent's motion to dismiss within twenty days. (ECF No. 21.) Those twenty days have passed, and petitioner has not filed an opposition, statement of non-opposition, requested additional time to file an opposition or statement of non-opposition, or otherwise responded to the court's order. In light of petitioner's failure to respond, the undersigned will recommend that this action be dismissed.

### A. Legal Standards

"District courts have the inherent power to control their dockets and in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." Bautista v. L.A. Cnty., 216 F.3d 837, 841 (9th Cir. 2000) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992)). Involuntary dismissal is one of the harshest sanctions at a trial court's disposal since it denies the plaintiff his day in court, and as a result, it is reserved for use only in the most extreme circumstances. Fed. R. Civ. P. 41(b); Thompson v. Housing Auth. of L.A., 782 F.2d 829, 831 (9th Cir. 1986). In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. Ferdik, 963 F.2d at 1260-61.

---

[1] The November 29, 2022, order was sent to petitioner's address of record and was not returned as undeliverable. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

**B. Analysis**

**1. Public's Interest in Expeditious Resolution of Litigation**

"The public's interest in expeditious resolution of litigation always favors dismissal." Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

This action was initiated on April 16, 2021, and has been pending since that time.[2] (ECF No. 1 at 6.)  Petitioner filed a notice of change of address on January 3, 2022.  (ECF No. 12.)  Since that notice was filed, petitioner has not filed anything with the court, responded to the motion to dismiss which was file June 27, 2022 (ECF No. 19), or responded to court orders.  Petitioner's inaction and unresponsiveness prevents litigation from proceeding forward.  As such, this factor favors dismissal.

**2. Court's Need to Manage Its Docket**

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1961)).

As stated above, petitioner has not participated in this action or responded to court orders since January 2022.  It appears that petitioner has lost interest in pursuing this petition at the present time.  For the court to spend further time on this action when petitioner is not responding to court orders would consume scarce judicial resources on an action petitioner is no longer pursuing.  Accordingly, this factor weighs in favor of dismissal.

**3. Risk of Prejudice to Defendants**

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Malone v. U.S. Postal

////

---

[2] Under the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the document and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1   Service, 833 F.2d 128, 131 (9th Cir. 1987)).  The "pendency of a lawsuit is not sufficiently

2   prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).

3         While prejudice to a defendant by the pendency of an action is insufficient, the Ninth

4   Circuit has held that unreasonable delay may be presumed prejudicial to the defendant.  See In re

5   Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994); Moore v. Teflon Commc'ns. Corp., 589 F.2d 959,

6   967-68 (9th Cir. 1978).  Here, there has been unreasonable delay as petitioner has failed to

7   provide any response to the motion to dismiss or the court's orders despite the fact that the motion

8   has been pending for over six months.  Petitioner may rebut the presumption of prejudice by

9   providing a non-frivolous excuse for the delay.  Laurino v. Syringa Gen. Hosp., 279 F.3d 750,

10  753 (9th Cir. 2002); Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191

11  F.3d 983, 991 (9th Cir. 1999)).  However, petitioner has not provided any excuse, whether

12  frivolous or non-frivolous, for his failure to respond to the motion or court orders.  Accordingly,

13  the third factor weighs in favor of dismissal.

### 4. Availability of Less Drastic Alternatives

15  Warning a plaintiff that failure to obey a court order will result in dismissal can suffice to

16  meet the "consideration of alternatives" requirement.  Malone, 833 F.2d at 132 (citing Buss v.

17  Western Airlines, Inc., 738 F.2d 1053, 1054 (9th Cir. 1984)).  Petitioner was previously advised

18  that failure to respond to the court's order would result in a recommendation that this action be

19  dismissed. (ECF No. 21 at 1.)  In light of the court's warning, this factor weighs in favor of

20  dismissal.

### 5. Public Policy Favoring Disposition of Cases on Their Merits

22  Public policy favors disposition of cases on the merits.  Thus, this factor weighs against

23  dismissal.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  The undersigned

24  finds that four of the five Ferdik factors support dismissal, and thus, outweigh the general public

25  policy favoring disposition on the merits.  See Ferdik, 963 F.2d at 1263.  Additionally, under

26  Local Rule 230(l), petitioner's failure to oppose the motion may be deemed a waiver of any

27  opposition to granting the motion.  Accordingly, the undersigned will recommend that this action

28  be dismissed.

### III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that respondent's motion to dismiss (ECF No. 19) is denied without prejudice as moot.

Further, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 24, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Habeas/R/vasq0726.dism.fr

5